UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF ALABAMA

In Re

ALLEGRA LANETTE DAVIS                          Case No. 07-11795-MAM-7

    Debtor

## ORDER GRANTING MOTION OF THE TRUSTEE TO AMEND FINDINGS OF FACT AND CONCLUSIONS OF LAW

    Terrie S. Owens, Attorney for Trustee Lynn Harwell Andrews
    Herman Padgett, Attorney for Debtor Allegra Lanette Davis

This case is before the Court on the motion of the trustee requesting that the Court amend the findings of fact and conclusions of law contained in its order of September 27, 2007. This Court has jurisdiction to hear this matter pursuant to 28 U.S.C. §§157 and 1334 and the Order of Reference of the District Court. This matter is a core proceeding and the Court has the authority to enter a final order pursuant to 28 U.S.C. § 157(b)(2). The Court concludes that its prior assessment of the legal issue and the case law was in error and that the order of September 27, 2007 is due to be reconsidered.

    The Court ruled that the rental proceeds collected by the debtor postpetition on nonexempt real estate were properly exempted under Ala. Code § 6-10-6. However, upon further review of the case law, the Court concludes that this conclusion is erroneous. What is property of the estate of a debtor is determined first by reference to 11 U.S.C. § 541(a)(1). It provides that the trustee succeeds to all legal and equitable rights of a debtor in property as of the date the debtor files bankruptcy. Section 541(a)(6) states that property of the estate includes "proceeds,

1

product, offspring, rents or profits" from property of the estate as well. Therefore, unless the rents claimed by Ms. Davis are exempt on their own merits (since the real estate is not exempt), it is clear the rents are property of the bankruptcy estate.

Ms. Davis claims that the rents are exempt pursuant to Ala. Code § 6-10-6 which is the personal property exemption. On September 27, 2007, the Court ruled that the rents were personal property. However, Alabama case law holds that rents are incidental to the ownership of real estate and pass with the title to the real estate. *Mc Gallagher v. Estate of Lewis M. Degeer, Jr.*, 934 So.2d 391 (Ala. Civ. App. 2005) (holding that postdeath rents from land that was bequeathed to an individual belonged to the individual and not to the estate). The Alabama appellate court stated that "[o]wnership in fee simple includes the right to the income, rents, and profits from the land." *Id*. at 400. There are also cases from many other jurisdictions that conclude the same. The case law on this issue is in the probate context. However, the issue is the same–does title to rents (post passage of the title of the real estate to another entity or person) follow the real estate or is it treated as personal property separate from the real estate? *Hoeffer v. Machlied (In re Machlied),* 60 Wash.2d 354, 360, 374 P.2d 164, 168 (Wash. 1962) (stating "the right to possession of land is accompanied by ownership of the unsevered crops growing thereon"); *Gaines v. Klein,* 203 Miss. 271, 276, 34 So.2d 489, 491 (Miss. 1948) (stating "[the rents] are the property of the respective devisees of the real property upon which the rents accrued"); *Nagle v. Davison*, 124 Kan. 230, 257 P. 962, 963 (Kan. 1927) (stating, per Kansas statute, that "the rents and profits of the realty of an intestate belong, as against the administrator, to the heirs of the intestate"); *Caulton v. Pope (In re Pope's Estate)*, 83 Neb. 723, 120 N.W. 191 (Neb. 1909) (stating "unless reserved, crops standing upon the ground, matured or not, pass to

2

the devisee"); *Smith v. Holly*, 94 N.C. 670, 1886 WL 968, *3 (N.C. 1886) (stating "rents that come due after the death of the testator, follow the reversion to the devisee").

In fact at 26B C.J.S. Descent and Distribution § 76 entitled "Rents and profits, income and accumulations," it states

> Where the title to, and right to possession of, the real property of an intestate vest in his or her heirs at the decedent's death, they are entitled to receive the rents, issues, and profits which accrue thereafter and before the property is subjected to the powers of the administrator.

Even though this case does not involve a probate estate, the law is the same in light of 11 U.S.C. § 541(a)(1) and (a)(6).

Therefore, the Court concludes that the postpetition rents are not personal property that can be exempted under Ala. Code § 6-10-6. The postpetition rents belong to the trustee since the underlying real property is not exempt and became property of the bankruptcy estate at the filing of the bankruptcy case. The rents follow the real property.

IT IS ORDERED that the motion of the trustee to amend findings of fact and conclusions of law is GRANTED and the objection of the trustee to debtor's claim of exemption is SUSTAINED.

Dated: October 31, 2007

_____
MARGARET A. MAHONEY
U.S. BANKRUPTCY JUDGE